IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| **LML PATENT CORP.** | § | |
| | § | |
| Plaintiff, | § | |
| | § | CASE NO. 2-08-CV-448-DF |
| v. | § | |
| | § | JURY TRIAL REQUESTED |
| **JP MORGAN CHASE & CO., et al.** | § | |
| | § | |
| Defendants. | § | |
| | § | |
| | § | |

**LML PATENT CORP.'S RESPONSE IN OPPOSITION TO THE MOTION OF
THE NORTHERN TRUST COMPANY TO DISMISS PLAINTIFF'S
FIFTH AMENDED COMPLAINT PURSUANT TO F.R.CIV.P. 12(B)(6)**

The Northern Trust Company's ("NT") Motion to Dismiss Plaintiff's Fifth Amended Complaint Pursuant to F.R.Civ.P. 12(b)(6) ("NT's Third Motion to Dismiss") (Dkt. 396) is, for the most part, merely a repeat of the arguments presented in its prior Rule 12(c) and Rule 12(b)(6) Motions to Dismiss. (Dkt. 396 at 1 n.1).[1] The only arguably "new" point presented in NT's Third Motion to Dismiss is NT's misguided argument that LML should not be granted leave to amend the current complaint if the Court finds in favor of NT. Thus, for the reasons set forth in LML's previous briefing in opposition to NT's 12(c) and 12(b)(6) Motions to Dismiss, (Dkt. 311, 327, 351 & 391)[2] as well as for the reasons set forth below, NT's Third Motion to Dismiss should be denied.

---

[1] Although additional Defendants (collectively, "the Joining Defendants") have joined NT's Third Motion to Dismiss, the Joining Defendants have not advanced any additional substantive arguments in support of that motion.

[2] LML directs the Court to the authorities and arguments set forth in its prior briefing in opposition to NT's prior Rule 12(c) and Rule 12(b)(6) Motions to Dismiss (Dkt. 311, 327, 351 & 391) and incorporates the content of its prior briefing as if fully set forth herein.

1

I.

Rather than address the fundamental flaw with its position, as pointed out in LML's previous briefing — namely, that tracking Form 18 (as LML did in its Fifth Amended Complaint) satisfies *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007) and *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009) — NT instead relies on the caselaw cited in its previous briefing, all of which is readily distinguishable from the present case.  In its Fifth Amended Complaint (as in its previous Complaints) LML has identified the accused devices by alleging, in relevant part, that each Defendant has infringed the claims of the RE40,220 patent "by their manufacture, importation, sale, offering for sale, and/or use of payment services without authority or license of LML." (Dkt. 356 at ¶ 32).[3]  Moreover, NT completely ignores a recent on-point case from the Eastern District of Texas ("EDTX") finding that a complaint similar to LML's Fifth Amended Complaint suffices to state a claim upon which relief can be granted for direct and indirect infringement.  *See Tune Hunter Inc. v. Samsung Telecomms. Am., LLC*, No. 2:09-cv-148-TJW, 2010 WL 1409245 (E.D. Tex. April 1, 2010) (Ward, J.) (Exhibit 1).  In *Tune Hunter*, the plaintiff alleged that the defendants infringed the '275 patent "'either alone or in conjunction with others'

---

[3] In contrast, the cases that NT cites where Courts have dismissed Plaintiffs' Complaints for failure to state a claim are readily distinguishable.  *See, e.g.*, *Bender v. Motorola Inc.*, No. C 09-1245 SBA, 2010 U.S. Dist. LEXIS 26076 at *6-7 (N.D. Cal. Feb. 26, 2010) (Dkt. 396 at Ex. 24) (dismissing plaintiffs' complaint but granting leave to amend because, instead of identifying the accused product(s), plaintiff alleged "*without limitation*" that the defendant infringed a long list of electronic devices as well as "other products where high performance, high speed analog circuits are used, and/or components thereof") (emphasis in original); *RPost Holdings, Inc. v. Goodmail Sys., Inc.*, No. 2:09-cv-06668-SVW-SS at 4 (C.D. Cal. Feb. 4, 2010) (Dkt. 396 at Ex. 16) (dismissing plaintiffs' secondary/contributory liability causes of action with leave to amend due in part due to plaintiffs' failure to identify the accused goods and services); *PalTalk Holdings, Inc v. Sony Comp. Entm't Am, Inc.*, No. 2:09-cv-00274, 2009 WL 5788065 at *4-5 (E.D. Tex. Dec. 14, 2009) (Dkt. 396 at Ex. 15) (granting defendants' motion to dismiss for failure to state a claim because plaintiff admitted that the patent-in-suit required multiple actors to perform the claimed method, and the Court found that Plaintiff had not and could not allege that each Defendant performed the steps of the claimed method on its own).

by 'making, using, selling, offering to sell and/or importing and/or causing others to make, use, sell, offer to sell and/or import, and/or supplying or causing to be supplied in or from the United States and/or importing into the United States, music identification systems, devices, products, and/or components thereof that embody, are made by and/or are covered by, in whole or in part, one or more of the claims of the '275 patent.'" *Id.* at *2. The plaintiff also asserted a cause of action for inducing infringement/contributory infringement by alleging in part that "'Defendants are each liable for infringement of the '275 patent pursuant to 35 U.S.C. § 271.'" *Id.* The Court found the plaintiff's allegations sufficient to state claims for both direct and indirect infringement, and in so doing dismissed the defendants' arguments that the plaintiff "failed properly to allege additional facts that are required to prove claims for inducing infringement, contributory infringement, 35 U.S.C. § 271(b), or 25 U.S.C. § 271(f)" because "those additional facts are not required by *Iqbal*." *Id.* at *4.

LML's Complaint contains the key elements — assertions of patent ownership by LML, an identification of the accused products and services,[4] and an allegation that defendants make, use, import, sell and/or offer for sale those accused products and services[5] — that the *Tune*

---

[4] NT's argument that LML's identification of NT's accused products fails to satisfy Form 18 because "products and services for payment services" refers to a broad category of services applicable to the entire banking industry does not withstand scrutiny because the same argument could be made for the sample accused product identified in Form 18 (*i.e.*, "electric motors"). Entire industries (*e.g.*, the motor vehicles industry, makers of appliances and other consumer durables, makers of heating and cooling machinery, and makers of computers) use electric motors, yet Form 18 and the Federal Circuit have deemed this allegation sufficient to make out a claim for patent infringement.

[5] *See* LML's Fifth Amended Complaint for Patent Infringement, Dkt. 356 at ¶ 29 ("LML holds all right, title, and interest in and to United States Patent No. RE 40,220"), ¶ 30 ("Defendants provide products and services for payment services that fall within one or more claims of the '220 Patent"), ¶ 31 ("Defendants infringe the Patent-in-Suit directly, contributorily and/or by active inducement by importing, manufacturing, using, marketing, distributing, selling, and/or supporting payment services"), ¶ 32 ("Defendants have infringed and continue to infringe the '220 Patent in this District and elsewhere in the United States by their manufacture, importation,

*Hunter* Court recently found sufficient to state claims for direct and indirect infringement. Thus, LML's Fifth Amended Complaint comports with the requirements of the Federal Rules of Civil Procedure, as well as the post-*Iqbal* decisions of the Federal Circuit and the EDTX. *See* Fed. R. Civ. P. 84 ("The forms in the Appendix suffice under these rules and illustrate the simplicity and brevity that these rules contemplate"); *see also McZeal v. Sprint Nextel Corp.*, 501 F.3d at 1354, 1356-57 (Fed. Cir. 2007) (citing *Conley v. Gibson*, 355 U.S. 41, 47 (1957) (holding that the forms contained in the appendix to the Federal Rules "plainly demonstrate" the requirements for pleadings)). In sum, LML has identified the means by which NT infringes the Patent-in-Suit, and in so doing, has put NT on notice of what it must defend. *See WIAV Networks v. 3Com Corp.*, 5:09-cv-00101-DF (E.D. Tex. Dec. 15, 2009) (Folsom, J.) (citing *Phonometrics, Inc. v. Hospitality Franchise Sys., Inc.*, 203 F.3d 790, 794 (Fed. Cir. 2000)) (Dkt. 396 at Ex. 9).

**II.**

Alternatively, should the Court find LML's Fifth Amended Complaint deficient, LML expressly requests leave to amend its Complaint against NT and the Joining Defendants. *See* Fed. R. Civ. P. 15(a) (providing that leave to amend pleadings shall be "freely give[n]" when "justice so requires"); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances relied upon by a plaintiff may be proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). NT's argument that the Court should not grant LML leave to amend because such amendment would be futile is nothing more than an

---

sale, offering for sale, and/or use of payment services without authority or license of LML"), and ¶ 33 ("Defendants have contributorily infringed and/or induced others to infringe and continue to contributorily infringe and/or to induce others to infringe the '220 Patent in this District and elsewhere in the United States by their manufacture, importation, sale, offering for sale, and/or use of the payment services without authority or license of LML").

attempt to avoid substantively litigating LML's patent infringement claims of which NT has been given adequate notice.[6]

First, NT argues that leave to amend is futile because LML has not yet filed an amended complaint providing the requisite level of detail that NT has demanded. But as LML has explained in previous pleadings, the reason LML has not amended its Complaint to provide the additional detail sought by NT is that such detailed allegations are not required by Form 18, *Iqbal*, or *Twombly*. (Dkt. 391 at 4). If, however, the Court determines that LML's Fifth Amended Complaint is deficient in any respect, then LML would be prepared to amend its Complaint to provide any additional detail requested by the Court.[7]

Moreover, NT's argument that LML cannot allege infringement as to NT is misguided for several reasons. First, NT's argument is nothing more than an improper attempt to limit the

---

[6] NT's accusation that LML engaged in "bad faith tactics to unnecessarily increase defendants' costs" (Dkt. 396 at 15) is particularly unwarranted given the fact that NT has yet to provide **any** discovery to LML in response to LML's Requests for Production (NT has not produced a single document in response) and LML's Interrogatories (NT has not substantively responded to a single interrogatory) (Ex. 2). LML has operated in good faith in litigating this lawsuit despite NT's steadfast refusal to provide any discovery. *See Tune Hunter Inc.*, 2010 WL 1409245 at *4 ("[It is in the discovery phase of litigation, not pleading, that the parties are required to conscientiously develop facts that support the various theories of infringement, or non-infringement as the case may be.").

[7] NT misconstrues Fifth Circuit precedent in arguing that LML has not properly requested leave to amend its complaint. NT quotes *Cent. Laborers' Pension Fund v. Integrated Elec. Servs., Inc.*, 497 F.3d 546, 556 (5th Cir. 2008) for the proposition that "[a] bare request in an opposition to a motion to dismiss—without any indication of the particular grounds on which the amendment is sought—does not constitute a motion within the contemplation of Rule 15(a)." *Id.* (quoting *U.S. ex rel. Willard v. Humana Health Plan of Texas Inc.*, 336 F.3d 375, 387 (5th Cir. 2003)). But the Court in *Cent. Laborers' Pension Fund* affirmed a dismissal without allowing amendment because the plaintiff's amendment would be futile, not because the plaintiff had not adequately requested leave to amend. *Id.* Moreover, LML has explicitly requested leave to amend, unlike the vague request that the Court nonetheless found sufficient in *Cent. Laborers' Pension Fund. Id.*

scope of the claims at issue in advance of the claim construction process. Second, irrespective of NT's argument that the asserted claims should be construed to exclude NT's "pass-through"-related ACH activities, it is clear that those activities fall squarely within the scope of LML's infringement contentions.[8]  (Dkt. 396 at 14).  Third, and perhaps more importantly, NT's argument has no place in a Rule 12(b)(6) Motion to Dismiss because extrinsic evidence beyond LML's Fifth Amended Complaint cannot be considered without converting the Motion to Dismiss into a Motion for Summary Judgment.  *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) ("This court will not look beyond the face of the pleadings to determine whether relief should be granted [under Rule 12(b)(6)] based on the alleged facts.").

**III.**

LML's Fifth Amended Complaint, just like its Second and Third Amended Complaints, satisfies the pleading requirements of Rule 8(a)(2) and tracks the exemplary Form 18 provided by the Federal Rules, thereby placing NT on adequate notice of what it must defend.  (*See* Dkt. 311; Dkt. 327; Dkt. 351; Dkt. 391)  The Federal Circuit, courts in the Eastern District of Texas, and courts around the country have consistently and uniformly concluded that the pleading standards set forth by Form 18 and the Federal Rules satisfy the holding of *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955 (2007).  (*Id*.)  Because *Ashcroft v. Iqbal*, 129 S. Ct. 1937 (2009), did not change the pleading standards under *Twombly,* NT's arguments are unsupported and the Court should deny its Third Motion to Dismiss.

---

[8] Indeed, in making this argument, NT undermines its own position that LML's contentions are so "vague" that it cannot determine what products and services are accused.  It is clear that NT understands LML's infringement contentions well enough to know that NT's "pass-through"-related ACH activities are accused of infringing the patent in suit.  Therefore, NT's argument that LML's Fifth Amended Complaint is deficient under *Twombly* and *Iqbal* rings hollow.

DATED:  May 3, 2010.

Respectfully submitted,

  /s/ *Melissa Richards Smith*
Melissa Richards Smith
Texas State Bar No. 24001351
GILLAM & SMITH, LLP
303 South Washington
Marshall, Texas 75670
Telephone:  903-934-8450
Facsimile:  903-934-9257
Melissa@gillamsmithlaw.com

Theodore Stevenson, III
Lead Attorney
Texas Bar No. 19196650
tstevensom@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
acurry@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4974
Facsimile: 214-978-4044

Michael S. Perez
Texas Bar No. 24002752
mperez@mckoolsmith.com
Daniel W. Sharp
Texas Bar No. 24041902
dsharp@mckoolsmith.com
John Garvish
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
Victoria L. Wicken
vwicken@mckoolsmith.com
Texas State Bar No. 24033337
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: 512-692-8725
Facsimile: 512-692-8744

Sam F. Baxter
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
McKOOL SMITH, P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: 903-927-2111
Facsimile: 903-927-2622

**ATTORNEYS FOR PLAINTIFF LML PATENT CORP.**

**CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a). As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A). Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 3rd day of May, 2010.

                                                */s/ Melissa Richards Smith*
                                                Melissa Richards Smith