**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **LML PATENT CORP.,** | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. 2:08-CV-448 (DF)** |
| | § | |
| **JPMORGAN CHASE & CO., et al.,** | § | |
| **Defendants.** | § | |

## O R D E R

Before the Court is Plaintiff LML Patent Corp.'s Motion to Sever and Stay.  Dkt. No.

477.  Also before the Court is the response of Defendant The Northern Trust Company, joined by

several other Defendants, as well as the response of Defendants Wells Fargo Bank, N.A.,

Wachovia Bank, N.A., and M&T Bank (all collectively referred to as "Defendants").  Dkt. Nos.

507 & 508.  Further before the Court are Plaintiff's reply and Defendants' sur-replies.  Dkt. Nos.

524, 533, & 534.  Having considered the briefing and all relevant papers and pleadings, the Court

finds that Plaintiff's motion should be GRANTED AS MODIFIED.

## I.  DISCUSSION

The Court required Plaintiff to elect "no more than ten asserted claims as to all

Defendants . . . ."  5/21/2010 Order, Dkt. No. 470 at 4.  The Court also noted its "usual practice

is that non-elected claims can be severed and asserted in a later action, if necessary."  *Id.* at 3; *see*

*also* 2/27/2007 Order, *Zenith Elecs. Corp. v. Thomson, Inc., et al.*, C.A. 5:06-CV-17, Dkt. No.

174.  LML therefore "requests that the Court sever all claims, defenses, and counterclaims

related to claims of the '220 Patent that are not Elected Claims and stay the severed action until

final resolution of the pending action."  Dkt. No. 477 at 1.

1

Defendants respond that severing and staying the non-elected claims would violate "the most basic of civil procedure tenets that a plaintiff cannot split a cause of action." Dkt. No. 507 at 4. Defendants also urge that Plaintiff waived any right to seek severance because Plaintiff did not challenge the requirement in the Court's scheduling order that Plaintiff elect a limited number of claims. *Id.* at 5. Finally, Defendants argue that repeated assertion of various sets of claims of the patents-in-suit would defeat the efficiency objectives of the claim election requirement. *Id.* at 9; *see also* Dkt. No. 508 at 8-9.

Plaintiff replies that each claim is a separate invention and that because litigation on the elected claims is still ongoing, Defendants' arguments are premature. *See* Dkt. No. 524. In sur-reply, Defendants reiterate their responsive arguments and further argue that the estoppel issue is ripe because Defendants' assumptions regarding subsequent litigation are well-founded. *See* Dkt. Nos. 533 & 534.

As a threshold matter, Defendants argue that Plaintiff has already admitted that it will be estopped from later asserting non-elected claims. Dkt. No. 507 at 2. The Court rejected Plaintiff's position in that regard. *See* Dkt. No. 470 at 3. The Court accordingly declines to treat that failed position as a binding admission by Plaintiff.

The Court's limitation on the number of asserted claims is necessary for effective and efficient management of the above-captioned case. Defendants agree this practice is "appropriate" and "universally recognized," and Defendants cite several cases in support. *See* Dkt. No. 507 at 6-8; *see also* Dkt. No. 508 at 3-4. If the patentee wins, infringement of a single claim can support an award of damages, so the patentee generally need not then pursue non-elected claims. *See id.* at 7. If the patentee loses, then the likelihood of any subsequent litigation

is low because the patentee presumably elected the claims that "they believe are most likely to be infringed." Dkt. No. 508 at 4. If Defendants' estoppel arguments were accepted, however, enforcement of the Court's claim election requirement would foreclose Plaintiff's rights as to all non-elected claims without ever reaching the merits of those claims.

Finding no clear support from the Court of Appeals for either the Fifth Circuit or the Federal Circuit for Defendants' position,[1] this Court rejects it. This conclusion is necessary to avoid what would appear on its face to be a significant due process violation. Defendants' reliance on *Ethicon Inc. v. U.S. Surgical Corp.*, which suggests that property rights only attach to entire patents, not individual claims, is inapposite because the cited passage relates to ownership, not enforcement. *See* Dkt. No. 507 at 10 (citing 135 F.3d 1456, 1465-66 (Fed. Cir. 1998)); *see also* Dkt. No. 508 at 5 (same). *Kearns v. General Motors Corp.*, also relied upon by Defendants, did not address the issue now at bar either. Dkt. No. 534 at 3 (citing 94 F.3d 1553, 1555 (Fed. Cir. 1996) (finding involuntary dismissal as to asserted patents in first suit did not preclude second suit asserting unlitigated patents that patentee unsuccessfully tried to add to first suit)).

Regardless, Defendants have not undermined the well-established proposition that in an infringement analysis, "the properly construed *claims* are compared to the allegedly infringing device." *Hearing Components, Inc. v. Shure Inc.*, 600 F.3d 1357, 1370 (Fed. Cir. 2010) (emphasis added). Defendants' reliance on their declaratory judgment counterclaims is also unpersuasive. Defendants have not shown that Plaintiff's non-election of certain claims cannot

---

[1] Defendants submit that due process issues surrounding severance of claims is currently before the Court of Appeals for the Federal Circuit in *In re Katz Interactive Call Processing Patent Litig.*, Nos. 2009-1450, -1451, -1452, -1468, -1469, 2010-1017. Since briefing on Plaintiff's motion closed, no party has submitted supplemental authority from those appeals, nor was any such authority raised during oral argument. *See* 7/29/2010 Hr'g Tr., Dkt. No. 585 at 24:1-27:24.

simply carry with it Defendants' corresponding counterclaims.  Finally, Defendants' concern about vexatious, repetitive litigation of various sets of claims from the same patents is premature and can be raised if and when non-elected claims are later pursued.

Plaintiff's motion to stay the non-elected claims should therefore be GRANTED AS MODIFIED: the above-captioned case is stayed as to the non-elected claims, but for the sake of administrative efficiency, the non-elected claims are not severed into a new cause of action at this time.  Such issues can be addressed after the merits of the elected claims are resolved, if desired.

Plaintiff's reply brief states: "This Court's usual procedure of staying and severing the Non-Elected claims is well within its inherent powers and is a reasonable way to handle Defendants' discovery misconduct pending resolution of the currently filed and upcoming motions to compel."  Dkt. No. 524.  The Court's limit on the number of asserted claims in the above-captioned case in no way arises out of or addresses any discovery disputes between the parties.  The Court's grant of Plaintiff's motion here in no way adopts or accepts Plaintiff's comments to the contrary.

## II.  CONCLUSION

Plaintiff LML Patent Corp.'s Motion to Sever and Stay (Dkt. No. 477) is hereby **GRANTED AS MODIFIED**: the above-captioned case is hereby stayed as to non-elected claims until resolution of the case as to the elected claims.  **IT IS SO ORDERED.**

**SIGNED this 12th day of October, 2010.**

_____
DAVID FOLSOM
UNITED STATES DISTRICT JUDGE