**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| LML Patent Corp., | § | |
| | § | **Case No. 2:08-cv-448 DF** |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | **Jury Trial Demanded** |
| JP Morgan Chase & Co. et al., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF LML PATENT CORP.'S RESPONSE TO THE MOTION OF
DEFENDANTS JPMORGAN CHASE & CO. AND JPMORGAN CHASE BANK, N.A.
TO CERTIFY THIS COURT'S SEPTEMBER 20 ORDER
FOR INTERLOCUTORY APPEAL (DKT. NO. 627)**

**TABLE OF CONTENTS**

I. INTRODUCTION ........................................................................................................1

II. ARGUMENT................................................................................................................2

    A. Interlocutory Appeal Under § 1292(b) Is Justified Only In Exceptional Circumstances. ..............................................................................2

    B. JPMC Has Not Shown A Substantial Ground For Difference Of Opinion On Any Relevant Question Of Law. .................................3

    C. JPMC Has Not Shown That Piecemeal Appeals Will Materially Advance This Litigation. ....................................................................7

    D. JPMC Has Not Explained Why It Waited More Than Ten Days To File Its Motion. ......................................................................................9

III. CONCLUSION...........................................................................................................10

# **TABLE OF AUTHORITIES**

**Page(s)**

**CASES**

*Ahrenholz v. Bd. of Trustees*,
  219 F.3d 674 (7th Cir. 2000) ...........................................................................................7

*Aktiebolag v. Waukesha Cutting Tools, Inc.*,
  640 F. Supp. 1139 (E.D. Wis. 1986)................................................................................8

*Bilski v. Kappos*,
  561 U.S. __, 130 S. Ct. 3218 (2010).............................................................................3, 6

*Braun v. Soldier of Fortune Magazine*,
  749 F. Supp. 1083 (M.D. Ala. 1990) ...............................................................................7

*Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*,
  702 F.2d 67 (5th Cir. 1983) ..........................................................................................7, 9

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978).................................................................................................2, 7, 9

*G-I Holdings, Inc. v. Bennet*,
  No. 02-CV-3626, 2005 U.S. Dist. LEXIS 31862 (D.N.J. Dec. 7, 2005)..................................8

*Graff/Ross Holdings LLP v. Freddie Mac*,
  No. 07-CV-796 (D.D.C. Aug. 27, 2010) ..........................................................................5

*Koehler v. Bank of Bermuda Ltd.*,
  101 F.3d 863 (2d Cir. 1996)..........................................................................................7, 9

*Phillips v. City of New York*,
  453 F. Supp. 2d 690 (S.D.N.Y. 2006)...............................................................................8

*Ryan v. Fakih*,
  275 F. Supp. 2d 393 (E.D.N.Y. 2003) ........................................................................5, 7, 9

*Ryan v. Flowserve Corp.*,
  444 F. Supp. 2d 718 (N.D. Tex. 2006) ...................................................................3, 4, 5, 7

*Saqui v. Pride Int'l, Inc.*,
  No. G-06-CV-590, 2007 U.S. Dist. LEXIS 49661 (S.D. Tex. July 9, 2007) ...........................7

*Sky Techs., LLC v. SAP AG*,
  No. 2:06-CV-440-DF, 2008 U.S. Dist. LEXIS 53817 (E.D. Tex. July 15, 2008)........... passim

*Tesco Corp. v. Weatherford Int'l Inc.*,
  No. 08-CV-2531, 2010 U.S. Dist. LEXIS 79043 (S.D. Tex. Aug. 5, 2010) ........................5, 7

*Texas v. American Tobacco Co.*,
  No. 5:96-CV-91-DF, 1998 U.S. Dist. LEXIS 17255 (E.D. Tex. Jan. 9, 1998) ........................4

*Ultramercial, LLC v. Hulu, LLC*,
  No. 09-CV-06918, 2010 U.S. Dist. LEXIS 93453 (C.D. Cal. Aug. 13, 2010)..........................6

*Weir v. Propst*,
  915 F.3d 283 (7th Cir. 1990) ..................................................................................................9


**STATUTES**

28 U.S.C. § 1292(b) ................................................................................................... passim

35 U.S.C. § 101..................................................................................................3, 4, 5, 8


**OTHER AUTHORITIES**

4 AM. JUR. 2D *Appellate Review* § 117 (2010) ............................................................................3

4 AM. JUR. 2D *Appellate Review* § 121 (2010) ............................................................................4

4 AM. JUR. 2D *Appellate Review* § 123 (2010) .......................................................................3, 5

19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.32[2][b] (3d ed. 2010) ..........9

**I.     INTRODUCTION**

Plaintiff LML Patent Corp. ("LML") files this response in opposition to the motion of Defendants JPMorgan Chase & Co. and JPMorgan Chase Bank, N.A. (collectively, "JPMC") to certify this Court's September 20 Order for interlocutory appeal (Dkt. No. 627). JPMC's motion should be denied for at least three reasons.

*First*, JPMC has not shown a substantial ground for difference of opinion on any relevant question of law.  Interlocutory appeal is available under 28 U.S.C. § 1292(b) only when there is a substantial conflict as to the controlling legal standard—not where there is simply a dispute as to the application of that standard to the particular facts at issue.  There is no controversy regarding the controlling legal standards here; they were set by the Supreme Court's decision in *Bilski v. Kappos*.  JPMC points to two recent out-of-circuit decisions as alleged evidence that "district court have arrived at inconsistent conclusions" in applying the standards laid out in *Bilski*.  Dkt. No. 627 at 3.  This argument fails, however, because:  1) differences in application of a controlling standard will not trigger § 1292(b); 2) alleged conflicts with out-of-circuit *district court* decisions will not trigger § 1292(b); and 3) in any event, the decisions JPMC points to are not inconsistent with this Court's September 20 Order.

*Second*, JPMC has not shown that piecemeal appeals will materially advance the ultimate termination of this litigation.  Section 1292(b) certification may only be granted only when an interlocutory appeal promises to speed up the litigation.  That is not true here, where there is virtually no chance that an interlocutory appeal to the Federal Circuit could be permitted, briefed, argued, decided, and challenged on rehearing prior to March 8, 2011—when this action is currently set for trial.  A substantial body of case law holds that a request for § 1292(b) certification coming this close to the trial date can be expected only to impede, and not to

advance, the ultimate termination of the litigation.

*Third*, JPMC has not explained why it waited more than ten days to file its motion for certification. While § 1292(b)'s ten-day clock can sometimes run from the decision to certify an order, rather than from the original order itself, authority indicates that any delay in requesting certification should be supported by some good explanation for the delay. JPMC's failure to offer any such explanation, particularly in the face of a rapidly approaching trial date, provides one more reason to deny its motion for certification under § 1292(b).

## II. ARGUMENT

### A. Interlocutory Appeal Under § 1292(b) Is Justified Only In Exceptional Circumstances.

28 U.S.C. § 1292(b) permits interlocutory appellate review of certain nonfinal orders. "However, Congress carefully confined the availability of such review." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 474 (1978). The statute provides that:

> When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a *controlling question of law as to which there is substantial ground for difference of opinion* and that an *immediate appeal from the order may materially advance the ultimate termination of the litigation*, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, *if application is made to it within ten days after the entry of the order*: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C. § 1292(b) (emphasis added). As this Court has explained, § 1292(b) must be "applied sparingly" because only "exceptional circumstances [will] justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment." *Sky Techs., LLC*

2

*v. SAP AG*, No. 2:06-CV-440-DF, 2008 U.S. Dist. LEXIS 53817, at *10 (E.D. Tex. July 15, 2008) (citing *Coopers & Lybrand*, 437 U.S. at 475); *see also* 4 AM. JUR. 2D *Appellate Review* § 117 (2010) ("Because certification is contrary to the federal policy against piecemeal appeals, [appeals under § 1292(b)] are reserved for exceptional or rare cases and should be authorized only with great care."). Importantly, § 1292(b) "is not a vehicle to question the correctness of a district court's ruling or to obtain a second, more favorable opinion." *Ryan v. Flowserve Corp.*, 444 F. Supp. 2d 718, 722 (N.D. Tex. 2006). Neither is it "a means to review . . . for incorrect evaluation of proper factors." *Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *9-10.

### B. JPMC Has Not Shown A Substantial Ground For Difference Of Opinion On Any Relevant Question Of Law.

This Court's September 20 Order addressed two principal questions of law raised by JPMC's summary-judgment arguments: 1) whether a process claim that attempts to patent an abstract idea is invalid under 35 U.S.C. § 101; and 2) whether a process claim that fails the "machine-or-transformation" test is invalid under § 101. Dkt. No. 613 at 8-11. The Court's answers to those questions were: 1) a process claim that attempts to patent an abstract idea is indeed invalid under § 101; and 2) while the "machine-or-transformation" test is not an exclusive test, it provides the clue to determining patentability under § 101. Dkt. No. 613 at 8-11. The Court took its answers directly from the Supreme Court's recent decision addressing these legal questions in *Bilski v. Kappos*, 561 U.S. __, 130 S. Ct. 3218 (2010), and there is no substantial ground for difference of opinion on either question. *See* 28 U.S.C. § 1292(b); 4 AM. JUR. 2D *Appellate Review* § 123 (2010) ("If a controlling court . . . has decided the issue, no substantial ground for difference of opinion exists and there is no reason for an immediate appeal.").

Indeed, JPMC does not suggest that there is any ground for dispute on these questions of law. JPMC asserts instead that, post-*Bilski*, "district courts have arrived at inconsistent

3

conclusions" when applying the "machine-or-transformation" test on § 101 challenges. Dkt. No. 627 at 3. The heart of JPMC's argument is thus simply that the Court failed to properly evaluate the "machine-or-transformation" factors as applied to the asserted claims of the '220 patent. *See id.* at 3-5. In support of this argument, JPMC points to two out-of-circuit district court decisions finding process claims invalid under § 101—one from California, and the other from Washington, D.C. *See id.* There are at least three fatal flaws with JPMC's argument on this "substantial ground for difference of opinion" requirement.

*First*, as this Court has made clear, "certification for interlocutory appeal under § 1292(b) is not available as a means to review . . . for incorrect evaluation of proper factors." *Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *10 (citation omitted); *see also Ryan*, 444 F. Supp. 2d at 722 ("[§ 1292(b)] is not a vehicle to question the correctness of a district court's ruling"); 4 AM. JUR. 2D *Appellate Review* § 121 (2010) ("Certification [under § 1292(b)] is inappropriate where there are . . . only differences of opinion with respect to how the law should be applied to the facts."). JPMC does not argue that the Court applied the wrong test, or that the Court failed to consider either the "machine" or "transformation" factors of that test—JPMC simply suggests that the Court might have evaluated those factors incorrectly. Dkt. No. 627 at 3-5. As a matter of law, such an argument fails to show any substantial ground for difference of opinion under § 1292(b). *See Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *10; *Ryan*, 444 F. Supp. 2d at 722; 4 AM. JUR. 2D *Appellate Review* § 121 (2010); *see also Texas v. American Tobacco Co.*, No. 5:96-CV-91-DF, 1998 U.S. Dist. LEXIS 17255, at *3 (E.D. Tex. Jan. 9, 1998).

*Second*, the case law recognizes four scenarios in which a substantial ground for difference of opinion might be found: 1) when a district court's ruling is contrary to the rulings of all the courts of appeals to reach the issue; 2) when the courts of appeals are in dispute on an

issue, but the controlling circuit has not addressed it; 3) when complicated questions arise under foreign law; and 4) when novel and difficult questions of first impression are presented. *See Ryan*, 444 F. Supp. 2d at 723-24; *Tesco Corp. v. Weatherford Int'l Inc.*, No. 08-CV-2531, 2010 U.S. Dist. LEXIS 79043, at *28 (S.D. Tex. Aug. 5, 2010); 4 AM. JUR. 2D *Appellate Review* § 123 (2010). Conspicuously absent from this list is the scenario that JPMC suggests is applicable here—where this Court's application of a legal test allegedly differs from the application of that same test in two out-of-circuit *district courts*. And in fact, again as a matter of law, an alleged disagreement with such out-of-circuit district courts "does not establish the 'substantial ground for difference of opinion' required to support an interlocutory appeal." 4 AM. JUR. 2D *Appellate Review* § 123 (2010); *see also Ryan v. Fakih*, 275 F. Supp. 2d 393, 398 (E.D.N.Y. 2003).

**Third**, JPMC errs in assuming that there is any conflict between the out-of-circuit decisions it cites and this Court's September 20 Order. *See* Dkt. No. 627 at 3-5.

The first decision JPMC cites, *Graff/Ross Holdings LLP v. Freddie Mac*, No. 07-CV-796, Dkt. No. 82 (D.D.C. Aug. 27, 2010), is a report and recommendation from a magistrate judge, the objections to which are currently being considered by the district court in that case, *see id.*, Dkt. No. 83. The magistrate judge there—applying precisely the same legal authority and analysis applied by the Court here—found that the claim at issue attempted to patent only "the abstract idea of computing a price for the sale of a fixed income asset." *See id.*, Dkt. No. 82 at 13. The magistrate further observed that "the performance of the process [was] not verifiable," and that the plaintiffs had conceded that it could be "accomplished using . . . no machine at all." *Id.* at 12. The magistrate's conclusion that this abstract claim drawn to "mathematical subject matter" was invalid under § 101 should thus come as no surprise, *see id.* at 6, 15—and that

5

conclusion is not inconsistent with this Court's September 20 Order, *see* Dkt. No. 613.[1]

The second decision JPMC cites, *Ultramercial, LLC v. Hulu, LLC*, No. 09-CV-06918, 2010 U.S. Dist. LEXIS 93453 (C.D. Cal. Aug. 13, 2010), is similarly unavailing. The district court there—again applying precisely the same legal authority and analysis applied by the Court here—found that the claim at issue attempted to patent only the abstract "idea that one can use an advertisement as an exchange or currency." *Id.* at *17. The district court further observed that "public television channels have used the same basic idea for years," and that there were substantial "similarities between the [patent at issue] and the *Bilski* patent point[ing] toward invalidity." *Id.* at *17, 19.

JPMC suggests that the district court's treatment of certain storage, verification, and data-transfer elements in *Ultramercial* differs from this Court's treatment of allegedly similar elements in the September 20 Order. Dkt. No. 627 at 4. But aside from the fact that any such asserted difference in evaluation of the same factors fails to trigger § 1292(b), *see Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *10, the claims at issue in these two cases are dispositively different. The claims in *Ultramercial* covered "the process of trading viewing of the advertisements for free access to media," and as the district court found, these other elements were "merely incidental" to the claimed invention. 2010 U.S. Dist. LEXIS 93453, at *15, 18. The allegedly analogous elements in the '220 patent, however, are not incidental to the claimed invention. *See* Dkt. No. 613 at 3-5, 11-16. Again, therefore, the district court's conclusion in *Ultramercial* is not inconsistent with this Court's September 20 Order.

---

[1] It should also be noted that, while JPMC asserts that the magistrate judge in *Graff/Ross* "held that the 'transformation prong' of the machine-or-transformation test was not even applicable," in fact the reason for the magistrate's holding on this point was that "Graff/Ross never argued that the asserted claims could meet this [transformation] test." *See* Dkt. No. 627 at 4; *Graff/Ross*, Dkt. No. 82 at 13 n.6.

For these reasons, there is no substantial ground for any difference of opinion regarding the relevant legal tests addressed and applied in the September 20 Order, and JPMC's motion for certification under § 1292(b) must be denied on that basis alone.  *See* 28 U.S.C. § 1292(b); *Coopers & Lybrand*, 437 U.S. at 475; *Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *10.

### C. JPMC Has Not Shown That Piecemeal Appeals Will Materially Advance This Litigation.

The general prohibition on piecemeal appeals ensures the efficient and fair use of judicial resources by preventing, among other things:  multiple appeals that may ultimately prove unnecessary; delay in resolving litigation; and the harassment of parties.  *See Fakih*, 275 F. Supp. 2d at 395; *Koehler v. Bank of Bermuda Ltd.*, 101 F.3d 863, 865 (2d Cir. 1996); *Clark-Dietz & Associates-Engineers, Inc. v. Basic Constr. Co.*, 702 F.2d 67, 69 (5th Cir. 1983).  Certification under § 1292(b) therefore cannot be granted in the absence of proof that the interlocutory appeal requested will in fact materially advance the lawsuit's termination.  *See* 28 U.S.C. § 1292(b).  To that end, courts have consistently held that any § 1292(b) appeal "must promise to speed up the litigation."  *See Ahrenholz v. Bd. of Trustees*, 219 F.3d 674, 675 (7th Cir. 2000); *Ryan*, 444 F. Supp. 2d at 723; *Tesco*, 2010 U.S. Dist. LEXIS 79043, at *30-31.  JPMC's request for certification fails to meet this additional § 1292(b) requirement for at least two reasons.

*First*, this case is set for trial in just over four months, on March 8, 2011.  Numerous courts have held that a request for certification coming so close to the litigation's end—where "the appeals process itself would take longer than the time remaining before trial"—can be expected only to impede, and not to advance, the ultimate termination of the case.  *Tesco*, 2010 U.S. Dist. LEXIS 79043, at *31-32; *see also Saqui v. Pride Int'l, Inc.*, No. G-06-CV-590, 2007 U.S. Dist. LEXIS 49661, at *1-2 (S.D. Tex. July 9, 2007) (finding litigation would not be materially advanced by § 1292(b) appeal of order issued some six months prior to trial); *Braun v.*

7

*Soldier of Fortune Magazine*, 749 F. Supp. 1083, 1089 (M.D. Ala. 1990) (reaching same conclusion some five months prior to trial); *G-I Holdings, Inc. v. Bennet*, No. 02-CV-3626, 2005 U.S. Dist. LEXIS 31862, at *20-21 (D.N.J. Dec. 7, 2005) (reaching same conclusion some four months prior to trial); *Union of Needletrades, Indus. & Textile Emples. AFL-CIO v. Am. Capital Strategies*, Ltd., No. 2:03-CV-1000, 2008 U.S. Dist. LEXIS 73948, at *16-17 (S.D. Ohio June 19, 2008) (same); *Aktiebolag v. Waukesha Cutting Tools, Inc.*, 640 F. Supp. 1139, 1141 (E.D. Wis. 1986) (reaching same conclusion some two months prior to trial); *Phillips v. City of New York*, 453 F. Supp. 2d 690, 748 (S.D.N.Y. 2006) (reaching same conclusion some "matter of months" prior to trial).  In the face of this substantial body of case law, JPMC's unsupported assertion that an "interlocutory appeal of the Section 101 issue could be heard and decided in advance of any jury trial" in early March is neither realistic nor credible.  *See* Dkt. No. 627 at 5.

*Second*, even if it were realistic to assume that, within the next four months, an appeal to the Federal Circuit could be:  1) permitted; 2) briefed; 3) argued; 4) decided; and 5) challenged on rehearing—though it is not—it would nevertheless remain unrealistic to assume, as JPMC suggests, that "this litigation would be terminated in its entirety" through that process.  *Id.*  To take but one example, this Court properly found that the "machine-or-transformation" test upon which JPMC bases its invalidity arguments is not even applicable to the asserted *system* claim 93 of the '220 patent.  Dkt. No. 613 at 15.  Therefore, even if the Federal Circuit permitted an interlocutory appeal *and* agreed with JPMC's § 101 arguments with respect to the asserted process claims, there would still need to be a trial on the asserted system claim—with yet another appeal following the conclusion of that trial.  In short, there is good reason to expect that granting JPMC's requested certification would lead to the results the rules are designed to prevent:  multiple appeals, delay in resolving the litigation, and unnecessary expense to LML.

*See Fakih*, 275 F. Supp. 2d at 395; *Koehler*, 101 F.3d at 865; *Clark-Dietz*, 702 F.2d at 69.

For these reasons, JPMC's motion for certification under § 1292(b) fails to show that the prospective appeal will materially advance the ultimate termination of the litigation. And once again, JPMC's motion must be denied on that basis alone. *See* 28 U.S.C. § 1292(b); *Coopers & Lybrand*, 437 U.S. at 475; *Sky Techs.*, 2008 U.S. Dist. LEXIS 53817, at *10.

>   D.   **JPMC Has Not Explained Why It Waited More Than Ten Days To File Its Motion.**

A third reason supports denying JPMC's motion for § 1292(b) certification—JPMC's unexplained, sixteen-day delay in filing the motion. That is, the Order at issue was entered on September 20, but JPMC waited to file its motion for certification until October 6. Dkt. Nos. 613, 627. While sixteen days might not always constitute a substantial delay in the context of trial-court litigation, § 1292(b) provides that any application to the court of appeals must be made "within ten days after the entry of the order" being appealed. 28 U.S.C. § 1292(b). To be sure, case law indicates that this ten-day clock can run from the decision to certify an order, and, as JPMC notes, "[o]n occasion a district court may grant a request to certify an order after it has issued its order on the merits." Dkt. No. 627 at 1 n.1. But authority also indicates that any delay in a request "to add the necessary § 1292(b) certification must be supported by some good reason for the delay." 19 JAMES WM. MOORE ET AL., MOORE'S FEDERAL PRACTICE § 203.32[2][b] (3d ed. 2010). As the court explained in *Weir v. Propst*, 915 F.3d 283 (7th Cir. 1990), "celerity [is] to be the touchstone of appealability under [§ 1292(b)]," and—at least in the absence of a good explanation for any delay—"reasonable simultaneity of the certification with the order certified is required." *Id.* at 286. The fact that JPMC has not explained its delay in requesting certification, which would "open up a gap of . . . more than a month between the entry of the order and the certification," provides one more reason to deny this motion. *See id.*

9

### III. CONCLUSION

For all of these reasons, JPMC's motion to certify this Court's September 20 Order for interlocutory appeal (Dkt. No. 627) should be denied.

DATED: October 25, 2010.

Respectfully submitted,

  */s/ Theodore Stevenson, III*
Melissa Smith
Texas State Bar No. 00794818
GILLAM & SMITH, LLP
303 South Washington
Marshall, Texas 75670
Telephone: 903-934-8450
Facsimile: 903-934-9257
Melissa@gillamsmithlaw.com

Theodore Stevenson, III
Lead Attorney
Texas Bar No. 19196650
tstevensom@mckoolsmith.com
John Austin Curry
Texas State Bar No. 24059636
acurry@mckoolsmith.com
McKool Smith, P.C.
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone: 214-978-4974
Facsimile: 214-978-4044

Peter J. Ayers
Texas Bar No. 24009882
payers@mckoolsmith.com
Michael S. Perez
Texas Bar No. 24002752
mperez@mckoolsmith.com
Daniel W. Sharp
Texas Bar No. 24041902
dsharp@mckoolsmith.com
John Garvish
Texas State Bar No. 24043681
jgarvish@mckoolsmith.com
Victoria L. Wicken
Texas State Bar No. 24033337
vwicken@mckoolsmith.com
McKool Smith, P.C.
300 W. 6th Street, Suite 1700
Austin, Texas 78701
Telephone: 512-692-8725
Facsimile: 512-692-8744

Sam F. Baxter
Texas Bar No. 01938000
sbaxter@mckoolsmith.com
McKool Smith, P.C.
505 East Travis Street, Suite 105
Marshall, TX 75670
Telephone: 903-927-2111
Facsimile: 903-927-2622

**ATTORNEYS FOR PLAINTIFF LML PATENT CORP.**

## **CERTIFICATE OF SERVICE**

      The undersigned hereby certifies that the foregoing document was filed electronically in compliance with Local Rule CV-5(a).  As such, this document was served on all counsel who have consented to electronic service. Local Rule CV-5(a)(3)(A).  Pursuant to Fed. R. Civ. P. 5(d) and Local Rule CV-5(e), all other counsel of record not deemed to have consented to electronic service were served with a true and correct copy of the foregoing by U.S. mail or facsimile transmission, on this the 25th day of October, 2010.

                                                                             */s/ Theodore Steveson, III*
                                                                             Melissa Smith